Isidor Wasservogel,
Spec. Ref. Plaintiff seeks to recover from defendant the sum of approximately $3,675 for rent allegedly due under the terms of a written lease. Defendant, while conceding that it vacated the premises prior to the expiration of the lease, asserts in its answer, by way of affirmative defense and counterclaim, that: (1) plaintiff evicted the corporation from its leased premises; (2) there was a surrender by defendant and acceptance by plaintiff of the premises prior to the expiration date of the lease; and (3) plaintiff was guilty of a breach of the lease’s covenant of quiet possession, for which defendant seeks damages.
In the opinion of the court, there is little substance or merit to the claims of either plaintiff or defendant. The credible testimony establishes that in or about September, 1957, one Mrs. Katz, then president and sole stockholder of plaintiff, told defendant’s president, one Edward Schainman, to “ Get out.” Schainman advised her that he would do so at the end of the month. On September 30, 1957, Schainman tendered his key to the leased premises to Mrs. Katz, who accepted it and then ordered the lock changed. These affirmative acts by Mrs. Katz constituted an acceptance of defendant’s surrender of the premises prior to the expiration of the leased term. Mrs. Katz, as the president and sole stockholder of plaintiff, cannot be deemed to be a mere employee of this corporation. As a matter of fact, as well as a matter of law, the corporation must be deemed to be her alter ego. Thus, contrary to plaintiff’s contention, the prohibition in the lease between the parties which refers to acceptance of keys by an employee or agent of the landlord and their inability to accept a surrender of the premises in behalf of the landlord has no bearing on the instant action with regard to Mrs. Katz, who, in fact, was defendant’s landlord. She may not now use a corporate veil to undo her order to Schainman to “ Get out,” the subsequent acceptance by her of Schainman’s key and his surrender to her of the leased premises.
On the other hand, defendant has failed to establish any breach of the covenant of quiet possession on the part of plaintiff. Defendant’s own testimony establishes that he never complained to Mrs. Katz about the purported ‘ ‘ cluttered ’ ’ condition of the premises as alleged upon the trial of this action, nor does the credible evidence warrant the conclusion that defendant or its business was in any way adversely affected by *699 plaintiff’s maintenance of the leased premises or the passageway leading thereto.
In view of the fact that defendant had a lease and, therefore, was not legally compelled to move when so ordered by Mrs. Katz, it is in no event entitled to the cost of moving as an item of its alleged damages.
Judgment, accordingly, is rendered in favor of defendant dismissing the complaint upon the merits and in plaintiff’s favor dismissing the counterclaim upon the merits.
The above constitutes the decision of the court as required by the applicable provisions of the Civil Practice Act.